IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20041
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS LUIS PACHECO-MALDONADO,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-95-99-2
- - - - - - - - - -
November 7, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Carlos Luis Pacheco-Maldonado was convicted for conspiracy
to possess with intent to distribute cocaine and possession with
intent to distribute cocaine and has appealed.  Pacheco contends:
(1) that the district court erred in refusing to adjust his
offense level because of Pacheco's minor role in the offense;
(2) that the district court erred in refusing to implement the
safety valve provisions of U.S.S.G. § 2D1.1(b)(4); and (3) that

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the district court erred in overruling his motion for a new trial and for an evidentiary hearing based upon the Government's alleged failure to disclose evidence of a plea agreement with a coconspirator, Jose Mata.  The district court refused to adjust Pacheco's offense level because it chose to believe the testimony of Mata and to disbelieve Pacheco's unsworn statement regarding Pacheco's role in the conspiracy.  The district court's findings were not clearly erroneous.  See United States v. Rodriquez, 60 F.3d 193, 195 n.1 (5th Cir.), cert. denied, 116 S. Ct. 542 (1995); United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir.), cert. denied, 115 S. Ct. 214 (1994).  The district court credited Mata's testimony that his guilty plea was unconditionally entered.  This finding was not clearly erroneous and the district court did not abuse its discretion in refusing to hold a hearing. See United States v. Aguiar, 610 F.2d 1296, 1305 (5th Cir.), cert. denied, 449 U.S. 827 (1980).  The judgment is

AFFIRMED.